1
2
3
4
5
6
7
8
9              IN THE UNITED STATES DISTRICT COURT
10            FOR THE EASTERN DISTRICT OF CALIFORNIA
11
12   LARRY WATSON,                          1:09-cv-00884-LJO-BAK-SMS HC
13              Petitioner,
14      vs.                                 ORDER OF TRANSFER
15   PEOPLE OF THE STATE OF
     CALIFORNIA,
16
17              Respondent.
     _____/
18         Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

19   U.S.C. § 2254, in the Fresno Division of the United States District Court for the Eastern District of

20   California.

21         The federal venue statute requires that a civil action, other than one based on diversity

22   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

23   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

24   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

25   is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

26   which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

27         In a habeas matter, venue is proper in either the district of conviction or the district of

28   confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

1  proper forum in which to review such a claim is the district of confinement.  See <u>Dunn v. Henman</u>,

2  875 F.2d 244, 249 (9th Cir. 1989)(stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to

3  challenge the execution of a sentence is the district where the prisoner is confined.")

4    In this case, petitioner is challenging a conviction from Nevada County, which is in the

5  Sacramento Division of the Eastern District of California.  Therefore, the matter should be addressed

6  in the forum where petitioner was convicted.  Thus, the petition should have been filed in the

7  Sacramento Division of the United States District Court for the Eastern District of California.

8  Pursuant to Local Rule 3-120(f), a civil action which has not been commenced in the proper division

9  of a court may, on the court's own motion, be transferred to the proper division of the court.

10  Therefore, this action will be transferred to the Sacramento Division of this Court.

11    Good cause appearing, IT IS HEREBY ORDERED that:

12    1.  This action is transferred to the United States District Court for the Eastern District of

13  California sitting in Sacramento; and,

14    2.  All future filings shall reference the new Sacramento case number assigned and shall be

15  filed at:

16     United States District Court
   Eastern District of California
17     501 "I" Street, Suite 4-200
   Sacramento, CA 95814

18

19

20  IT IS SO ORDERED.

  **Dated:   July 2, 2009**         **/s/ Sandra M. Snyder**
21                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28